# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NOEL AGOHA,                        )
                                  )        Case No. 3:25-cv-00553
                    *Petitioner*,  )
                                  )        District Judge Stephanie L. Haines
            v.                     )        Magistrate Judge Kezia O. L. Taylor
                                  )
LEONARD ODDO, et al.,             )
                                  )
                    *Respondents*. )

## REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 3, filed by Noel Agoha ("Petitioner") be denied.  It is further recommended that Respondents' Motion to Dismiss the Petition for Lack of Jurisdiction, ECF No. 8, be denied as moot.

### II.    REPORT

#### A.    Background

Petitioner is a native and citizen of Nigeria who first entered the United States on a Temporary Business Visitor visa (B-1) on or around May 9, 2009.  ECF No. 13 at 2.  On July 12, 2011, he applied to register as a permanent resident as the spouse of a United States citizen.  *Id*. While his initial application for permanent residency was denied, United States Citizenship and Immigration Services ("USCIS") eventually adjusted Petitioners' status to that of a conditional resident of a United States citizen spouse on September 24, 2014.  *Id*.  USCIS later removed the conditions of residency and adjusted Petitioner's status to that of an IR-6 spouse of a United States citizen.  *Id*.  He applied for naturalization in 2017, but for reasons that are not clear from

the record, USCIS administratively closed his naturalization application in 2023 and he never became a United States citizen. *Id*.

On April 21, 2021, Petitioner was arrested on charges of wire fraud. *Id*. Three years later, on February 28, 2024, Petitioner was convicted of conspiracy to commit wire fraud affecting financial institutions in the District of Maryland. *Id*. He was sentenced to 40 months of incarceration and restitution in the amount of $1,000,000. *Id*. Upon his release from criminal custody on March 7, 2024, the Department of Homeland Security ("DHS") took custody of Petitioner and charged him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony. *Id*. Petitioner was then placed into immigration removal proceedings. *Id*.

On November 25, 2024, an Immigration Judge ordered Petitioner removed to Nigeria. *Id*. at 3. Petitioner filed a timely appeal with the Board of Immigration Appeals ("BIA") which dismissed the appeal on October 3, 2025. *Id*. Petitioner subsequently filed a timely petition for review and temporary stay of removal with the Third Circuit Court of Appeals. *Id*. The Third Circuit granted the temporary stay of removal but later vacated the temporary stay on February 17, 2026. *Id*. His petition for review remains pending before the Third Circuit. *Id*.

Petitioner initiated the instant habeas proceedings in December 2025. ECF No. 1. The Court ordered expedited review of the Petition upon Respondents who filed a Motion to Dismiss for Lack of Jurisdiction on January 28, 2026. ECF Nos. 4, 8, 9. Upon review of the motion, the Court directed Respondents to address the merits of the Petition, which they did on March 17, 2026. ECF No. 12. Respondents submit that the Petition should be denied because Petitioner's

2

current detention is mandatory pursuant to 8 U.S.C. § 1231 and does not violate his due process rights.

### B. Jurisdiction

The purpose of a writ of habeas corpus is to challenge the legal authority under which an individual is being held in custody. *See*, *e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013). The general habeas statute at 28 U.S.C. § 2241 confers jurisdiction on this Court to hear both statutory and constitutional challenges to the lawfulness of Petitioner's detention by ICE. *See*, *e.g.*, *Zadvydas*, 533 U.S. at 687-88. Section 2241 provides that the writ of habeas corpus shall not extend to a detainee unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### C. Discussion

Petitioner is currently detained under the post-removal detention provision of the Immigration and Nationality Act ("INA"), which is codified at 8 U.S.C. § 1231(a). This statute directs the Attorney General of the United States to affect the removal of any noncitizen from this country within 90 days of any final order of removal. 8 U.S.C. § 1231(a)(1)(A). The noncitizen *must be detained* during this 90-day timeframe, *id*. § 1231(a)(2), which is "referred to as the 'removal period.'" *Id*., § 1231(a)(1)(A).

If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. *Id*. § 1231(a)(3). But, § 1231(a)(6) provides that certain categories of noncitizens who have been ordered removed, including inadmissible and criminal noncitizens or noncitizens whom the Attorney General has determined are a risk to the

3

community or are unlikely to comply with the order of removal, "*may be detained* beyond the removal period[.]" (Emphasis added).

The text of § 1231(a)(6) does not contain an express limit on the duration a noncitizen can be detained under its authority. In 2001, the Supreme Court decided *Zadvydas v. Davis*, 533 U.S. 678 (2001), where it outlined the due process concerns that would be implicated by a statute permitting indefinite duration. *Id*. at 690-96. Invoking the canon of constitutional avoidance so that it did not have to decide whether § 1231(a)(6) violated the Fifth Amendment's Due Process Clause, the Supreme Court interpreted the statute to contain an implicit temporal limit. It held that the statute, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689.

To help "guide lower court determinations," and to "limit the occasions when courts will need to make them," the *Zadvydas* Court held that six months of post-removal-order detention is "presumptively reasonable." *Id*. at 700-01. But, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the government to produce "evidence sufficient to rebut that showing." *Id*. at 701. As the period of "postremoval detention grows, what counts as 'reasonably foreseeable future' conversely" concurrently shrinks. *Id*. Essentially, if removal is no longer reasonably foreseeable, continued detention is no longer authorized under § 1231(a)(6).

Here, Petitioner has been in ICE custody since March 7, 2024, but he has only been detained pursuant to § 1231 since February 17, 2026, the date the Third Circuit vacated its order granting Petitioner's temporary stay of removal. It was at this point that his order of removal

4

became administratively final.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also Rodriguez Diaz v. Garland*, 53 F.4 1189, 1197 (9 Cir. 2022) ("Once an alien has a final order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a).).  Because Petitioner is just at the beginning of *Zadvydas*' presumptively reasonable six-month removal period, and because he has failed to argue any facts to suggest that his removal is not likely to occur in the reasonably foreseeable future, the Court should deny the Petition.

III.    **CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 3, be denied.  It is further recommended that Respondents' Motion to Dismiss the Petition for Lack of Jurisdiction, ECF No. 8, be denied as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  March 25, 2026.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge

Cc:    Noel Agoha
       A210166377
       Moshannon Valley Processing Center
       555 Geo Drive
       Philipsburg, PA  16866

5

Counsel of record
(Via CM/ECF electronic mail)