**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NOEL AGOHA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:25-cv-0553 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, *et al.*, | ) | Magistrate Judge Kezia O.L. Taylor |
| | ) | |
| Respondents. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Noel Agoha ("Petitioner") (ECF No. 3). On February 28, 2024, Petitioner was criminally convicted and sentenced to 40 months incarceration. Once released from prison, on March 7, 2024, he was taken into custody by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Petitioner was placed into immigration removal proceedings and has been in continuous ICE custody since that time.

On November 25, 2024, an Immigration Judge ordered Petitioner removed to his homeland of Nigeria. Petitioner appealed to the Board of Immigration Appeals ("BIA") which dismissed the appeal on October 3, 2025. Petitioner subsequently filed a timely petition for review and temporary stay of removal with the Third Circuit Court of Appeals. A stay was granted but later vacated on February 17, 2026, thereby commencing his detention under 8 U.S.C. § 1231; the petition for review remains pending with the Third Circuit. Petitioner is detained at Moshannon Valley Detention Center and claims that his detention is unconstitutionally prolonged. He seeks immediate release from custody or in the alternative a constitutionally adequate bond hearing. This matter was referred to Magistrate Judge Kezia Taylor for proceedings in accordance with the

Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 25, 2025, Magistrate Judge Taylor filed a Report and Recommendation (ECF No. 15) recommending that the Petition (ECF No. 3) be denied because Petitioner has not been in custody under an order of removal for a sufficient amount of time to afford him the requested relief. Petitioner was advised he could file objections to the Report and Recommendation by April 13, 2026. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner filed timely Objections under seal (ECF Nos. 19, 20) on April 8, 2026. This matter is ripe for this Court's consideration.

Petitioner's Objections (ECF Nos. 19, 20) provide this Court with the history of Petitioner's entry and residence in this country, the dangers that await him if he is returned to Nigeria, and the procedural history of his removal proceedings. None of the information provided in Petitioner's Objections address the fact that under the law his detention of two months under a final order of removal is presumptively reasonable and, therefore, lawful. In addition, both Petitioner in his Objections, and Respondents, in a Notice of Petitioner's Failure to Comply (ECF No. 21), reported to the Court that on March 19, 2026, Petitioner was taken Washington/Dulles International Airport to be removed to his native Nigeria on a commercial flight. Petitioner refused to board the flight and was returned to the detention facility.[1]

First and foremost, this Court agrees with Judge Taylor's findings that Petitioner has not been detained under final orders of removal for the presumptive period of six months and, therefore, his Petition is premature. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Second,

---

[1] After ICE's attempt to remove Petitioner, on March 27, 2026, Petitioner filed a petition with the BIA to reopen his removal proceedings and stay his removal. ECF No. 20, pp. 18-28. Petitioner argues that removal proceedings should be reopened because of new evidence that supports relief from removal including Petitioner's application for protection under the Convention Against Torture ("CAT").

Respondents state, and this Court agrees, that because Petitioner has willfully failed to comply with ICE's attempt to remove him, the removal period may be extended. 8 U.S.C. § 1231(a)(1)(C). Given the most recent events, any argument that Petitioner makes that his removal is not foreseeable is not credible.

Upon review of the record and the Report and Recommendation (ECF No. 15) pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Taylor in this matter. Judge Taylor correctly deemed Petitioner to be currently detained under the post-removal detention provision of the Immigration and Nationality Act ("INA") and under the jurisdiction of 8 U.S.C. § 1231(a). Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), there is a presumptive six-month detention period that is considered reasonable to effectuate removal. In this case Petitioner has been detained pursuant to Section 1231(a) since February 17, 2026, only two months, and thus his detention is not unconstitutional. In addition, any argument that removal is unlikely to occur is not credible. ECF No. 15, p. 4-5; *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also Rodriguez Diaz v. Garland*, 53 F.4 1189, 1197 (9 Cir. 2022) ("Once an alien has a final order that is not subject to a judicial stay, detention authority shifts to 8 U.S.C. § 1231(a).).[2]

---

[2] This Court notes that Petitioner has been detained for a total of two years. He was first detained under 8 U.S.C. § 1226(c). After the stay of his final order of removal was lifted on February 17, 2026, he was converted to detention under 8 U.S.C. § 1231(a). Here, this Court's only consideration is whether Petitioner was held for a reasonable amount of time in which the Government must effectuate removal or provide a bond hearing, therefore, this Court only considers Petitioner's time in detention after he was under final orders of removal. *See Diop v. ICE/Homeland* Sec., 656 F.3d 221, 225 (3d Cir. 2011) (overturned on other grounds). Diop was initially held in custody under 8 U.S.C. § 1226(c) but the Court in considering Diop's detention under 8 U.S.C. § 1231(a) stated that Diop's petition was premature. "Citing 8 U.S.C. § 1231(a), the District Court observed that, after an order of removal has been entered, the Attorney General has 90 days to remove an alien, during which time the alien must be detained. In Diop's case, removal proceedings were ongoing, so the 90–day period had yet to begin and Diop's petition was filed too soon." Though this case diverges from this case factually, this Court finds it to be instructive on this issue.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 17th day of April, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 3) hereby is DENIED; and,

IT IS FURTHER ORDERED that Petitioner's Objections (ECF Nos. 19, 20) are overruled; and

IT IS FURTHER ORDERED that Magistrate Judge Taylor's Report and Recommendation (ECF No. 15) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

4